

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 17, 1975

The Honorable Cecil M. Pruett
County Attorney
Hutchinson County
630 North Deahl
Borger, Texas 79007

Opinion No. H- 584

Re: Constitutionality of
article 4590e, section 3,
V. T. C. S.

Dear Mr. Pruett:

You have requested our opinion regarding the constitutionality of article 4590e, section 3, V.T.C.S., and the interpretation of that statute by the Texas State Board of Medical Examiners. The statute reads, in pertinent part:

> Sec. 3. Every person licensed to practice the healing art . . . by . . . the Texas State Board of Medical Examiners . . . shall in the professional use of his name on any sign, pamphlet, stationery, letterhead, signature, or on any other such means of professional identification, written or printed, designate in the manner set forth in this Act the system of the healing art which he is by his license permitted to practice. The following are the legally required identifications, one of which must be used by practitioners of the healing art:
>
> (1) If licensed by the Texas State Board of Medical Examiners on the basis of the degree Doctor of Medicine: physician and/or surgeon, M. D.; doctor, M. D.; doctor of medicine; M. D.
>
> (2) If licensed by the Texas State Board of Medical Examiners on the basis of the degree Doctor of Osteopathy: physician and/or surgeon, D. O.; Osteopathic physician and/or surgeon; doctor, D. O.; doctor of osteopathy; osteopath; D. O.
>
> . . .

The Board interprets this statute to prohibit the use of the designation "M. D." by a person whose medical license is based upon the degree of Doctor of Osteopathy. You ask whether such prohibition violates the equal protection clauses of article 1, section 3 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.

"Osteopathy" has long been recognized as within "the practice of medicine" in Texas. Attorney General Opinion O-1298 (1939). We have previously held, however, that the Board of Medical Examiners is neither authorized nor required to issue a license as a "doctor of medicine" to a practitioner who received his education at an osteopathic school, and whose M. D. degree was awarded merely by making application for it under the laws of California. Attorney General Opinion C-48 (1963). "The degree M. D. connotes an education obtained at a medical school and a D. O. degree likewise contemplates a degree obtained and based upon study at an osteopathic school." Id. , at 220.

That opinion reflected a correct interpretation of the statute, but it did not reach the question of constitutionality. A three-judge federal court in Georgia, however, recently considered, in Oliver v. Morton, 361 F. Supp. 1262 (N. D. Ga. 1973), the constitutionality of a Georgia statute similar to article 4590e. The court upheld the statute's facial validity and stated that it is reasonable for a state to impose separate classifications for M. D.'s and D. O. 's and consequently to prohibit the use of the designation of M. D. by a person whose medical license is based on the degree of Doctor of Osteopathy. However, the court also held that the Composite State Board of Medical Examiners violated the equal protection clause of the United States Constitution in its application of the Georgia statute.

The Georgia State Board had been licensing as M. D. 's foreign-trained practitioners who had not been awarded a degree which was the equivalent of the M. D. degree, and simultaneously had been refusing to license as M. D. 's practitioners with a D. O. degree. The court held that the state could not "differentiate between two qualified physicians who have not earned an M. D. degree and allow one to parade under an unearned M. D. degree while refusing to allow the other to do so." Id. , at 1269.

In our opinion, section 3 of article 4590e, similar to the Georgia statute, is constitutional on its face. Of course, this statute, like any other statute is subject to discriminatory and constitutionally proscribed application. We have no facts before us to indicate that the Texas State Board of Medical Examiners is applying the statute in such discriminatory manner.

### SUMMARY

Section 3 of article 4590e, which authorizes the Texas State Board of Medical Examiners to prohibit the use of the designation of "M. D." by a person whose medical license is based upon the degree of Doctor of Osteopathy is, on its face, constitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee